# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KAREN BETH SALYER,
        Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-0752-17-0635-I-1

DATE: May 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Martin Jefferson Euchler</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Kathleen Pohlid</u>, Esquire, and <u>Lois F. Prince</u>, Esquire, Nashville, Tennessee, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The undisputed facts as set forth in the initial decision are as follows: The appellant was formerly employed by the agency as a GS-14, Medical Administrative Officer, Chief of the Business Office, at the James H. Quillen VA Medical Center. Initial Appeal File (IAF), Tab 69, Initial Decision (ID) at 1-2. On May 12, 2017, the agency proposed the appellant's removal based on 9 charges: (1) conduct unbecoming a VA Service Chief (16 specifications); (2) privacy violation (2 specifications); (3) failure to observe the opening hours established for her tour of duty; (4) failure to adhere to established luncheon period; (5) unauthorized absence (10 specifications); (6) failure to follow proper leave request procedures (12 specifications); (7) careless or negligent performance of duties; (8) failure to follow policy; and (9) failure to follow instructions. *Id*. at 3-4. After affording the appellant an opportunity to respond, the agency issued a decision, removing her, effective July 11, 2017. *Id*.

The appellant filed a Board appeal, disputing the charges and raising affirmative defenses of due process violations, sex discrimination, and whistleblower reprisal. IAF, Tab 1 at 4, Tab 23 at 5-7, Tab 33 at 6. After

holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining her removal. ID at 1-2. The administrative judge found that the agency proved five of its nine charges, that there was a nexus between such charges and the efficiency of the service, and that the penalty of removal was reasonable. ID at 1-69, 85-87. He further found that the appellant failed to prove any of her affirmative defenses.[2] ID at 69-84.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge did not abuse his discretion in denying the appellant's motion for sanctions.</u>

On review, the appellant argues that the administrative judge erred in failing to impose additional sanctions as a result of the agency's failure to produce certain documents during discovery. PFR File, Tab 1 at 7-11. During the course of the hearing,[3] on January 4, 2018, the agency notified the appellant that it had received electronic documents. IAF, Tab 60 at 10. Agency counsel notified the appellant via email that she had not had time to review the documents, and did not anticipate that they would be responsive to the appellant's discovery requests, but that she reserved the right to introduce any documents for rebuttal or impeachment purposes. *Id*. The appellant responded by informing the agency that she would object to the use of any documentation that was not previously submitted in accordance with the administrative judge's orders. *Id*. The appellant did not request that the agency produce the documents or supplement its discovery responses, nor did she move to compel the agency to do so. During the remainder of the hearing, the agency attempted to use some of the

---

[2] On review, the appellant does not challenge the administrative judge's findings as to her sex discrimination and whistleblower reprisal claims, and we see no reason to disturb them.

[3] The hearing was conducted in person from December 5-8, 2017, and via video conference from February 6-8, 2018. ID at 1.

documents during its examination of the appellant's witnesses, but the administrative judge denied the use of such documents as a sanction. ID at 3-4 n.2. After the hearing concluded, the appellant filed a motion for sanctions on February 26, 2018. IAF, Tab 60. The administrative judge denied the appellant's motion, finding that the agency had represented that the documents located during its electronic search were not responsive to the appellant's discovery requests and noting that he had already imposed a sanction upon the agency by denying the agency's use of any such documents during the hearing. ID at 3 n.2. Under these circumstances, we find that the administrative judge did not abuse his discretion in declining to impose additional sanctions. *See, e.g.*, *Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶ 25 (2007) (stating that the Board will not reverse an administrative judge's rulings regarding sanctions absent a showing of an abuse of discretion), *overruled on other grounds by Edwards v. Department of Labor*, 2022 MSPB 9.

<u>The agency's specifications in support of its conduct unbecoming charge were sufficiently detailed to satisfy the appellant's due process rights.</u>

On review, the appellant reiterates her argument below that many of the specifications in support of the agency's conduct unbecoming charge were too vague to provide proper notice to her because they did not specify the dates or locations of the alleged misconduct. PFR File, Tab 1 at 11-18. In support of her argument, she cites *Mason v. Department of the Navy*, 70 M.S.P.R. 584 (1996). *Id.* at 11. In *Mason*, the agency charged the appellant with making racial slurs, but did not indicate when or where he allegedly did so. *Mason*, 70 M.S.P.R. at 586-88. Despite requesting such information during discovery, the employee did not learn until the hearing, when agency witnesses testified regarding the alleged remarks, that those remarks were alleged to have been made 3 to 4 years earlier. *Id.* at 587. Under those circumstances, the Board found that the agency's failure to provide the appellant with adequately detailed notice of his alleged

misconduct prior to the hearing prejudiced his ability to mount a meaningful defense and denied him due process. *Id.* at 588.

We find the proposal notice here to be more specific than that in *Mason* to the extent it describes the general time period when the misconduct occurred as between December 27, 2015, and May 12, 2017. IAF, Tab 6 at 4-10. In addition, more detailed information was available to the appellant in the form of statements from employees obtained during the course of the agency's investigation that described the appellant's behavior on a daily basis and how it personally affected them or others. IAF, Tabs 6-9. Further, greater specificity was not possible given the nature of the charges, which alleged a pattern of conduct over time, rather than particular incidents. *See, e.g.*, *Lewis v. Department of Agriculture*, 268 F. App'x 952, 958-59 (Fed. Cir. 2008).[4] Under these circumstances, we find that the appellant was not denied due process.

## The administrative judge properly found that the agency proved its conduct unbecoming charge.

On review, the appellant argues generally that the agency's charges are frivolous, her conduct was not improper or very serious and did not rise to the level of misconduct, and nobody complained contemporaneously about her behavior. As set forth below, her arguments, which generally amount to a restatement of her arguments in her closing brief are unpersuasive and fail to establish any error in the administrative judge's findings. Further, to the extent the appellant has not identified any specific error in the administrative judge's analysis concerning the agency's proof of its charges, the Board will not embark upon a complete review of the record. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

---

[4] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

Many of the appellant's arguments on review constitute mere disagreement with the administrative judge's findings and do not provide a basis for reversal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-106 (1997) (stating that the Board will give due deference to the credibility findings of the administrative judge and will not grant a petition for review based on a party's mere disagreement with those findings); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Regarding specification 1, the appellant argues that her conduct did not amount to misconduct because she was permitted to raise her voice to make a point or express frustration. PFR File, Tab 1 at 15. She further argues that her actions were not directed at anyone else and she was not trying to achieve some improper purpose. *Id.* However, we agree with the administrative judge that the appellant's conduct in yelling at employees on a regular and recurring basis was improper and unsuitable for a Federal employee. ID at 8-11. Regarding specification 2, the appellant disputes that she made disparaging comments and asserts that employees did not complain about any comments contemporaneously. PFR File, Tab 1 at 16. Such an argument amounts to mere disagreement with the administrative judge's findings based on credibility determinations that the appellant often referred to employees as stupid or idiots, among other derogatory terms. ID at 11-14. Regarding specification 4, the appellant disputes that she kicked a subordinate employee. PFR File, Tab 1 at 17. However, the administrative judge credited the testimony of the subordinate and a human resources representative that the appellant kicked the subordinate in November 2016, and the appellant has not established any basis for the Board to reverse the administrative judge's credibility findings. ID at 15-16. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

On review, the appellant also disputes that she engaged in certain alleged incidents of misconduct described in the agency's proposal notice that the administrative judge did not address. Nonetheless, we discern no error in the administrative judge's analysis because an agency need not prove each factual specification in support of its charge and is only required to prove the essence of its charge. *See, e.g.*, *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd* 48 F.3d 1235 (Fed. Cir. 1995). Regarding specification 3, the appellant argues that it was not misconduct for her to tell a supervisor that certain employees need to do their damn job because worse things are said in most workplaces every day. PFR File, Tab 1 at 16-17. The administrative judge did not make any findings concerning such a statement. Nonetheless, the appellant has not shown any error in the administrative judge's findings that she used profanity in the workplace, ID at 11-14, which is the essence of the agency's specification. Regarding specification 5, the appellant's assertions on review do not dispute the administrative judge's findings that the agency proved that she pantomimed the act of stripping off her clothes and discussed purchasing sex toys while at work. PFR File, Tab 1 at 18; ID at 16-18. Similarly, the appellant's cursory arguments regarding specifications 12, 15, and 16 fail to identify specific errors in the administrative judge's analysis. PFR File, Tab 1 at 27-28.

The appellant's remaining arguments also fail to provide a basis for reversal. Regarding specification 6, the appellant argues that she should not have been disciplined for her actions because the matter had been resolved months before the agency issued her the proposal notice and witnesses during one of the agency's fact-findings confirmed that the allegation was without merit. PFR File, Tab 1 at 19. However, she cites no evidence in support of her argument. To the contrary, the record supports the administrative judge's finding that the agency proved that the appellant made disparaging remarks about the new assistant chief of the business office because both of the agency's fact-findings in May 2016 and May 2017 substantiated such an allegation. ID at 18-19; IAF, Tab 5 at 60, Tab 6

at 30. Regarding specification 8, the appellant argues that the administrative judge improperly analyzed the charge solely as whether she had a personal relationship with a subordinate without concluding that she favored the subordinate in any way. PFR File, Tab 1 at 23-25. We find that the administrative judge properly analyzed the charge as drafted to conclude that the agency proved that the appellant's actions created a *perception* of favoritism towards the subordinate. ID at 22-28. Regarding specification 11, the appellant argues that her behavior in questioning the propriety and feasibility of an employee's reasonable accommodation was not inappropriate given the context in which her statements occurred. PFR File, Tab 1 at 26-27. The administrative judge, however, acknowledged that the seriousness of the appellant's misconduct in this specification was mitigated by the context in which her statements were made in her office to her assistant chief. ID at 35. Nonetheless, he found that her comments were derisive and could have been interpreted as antagonistic to the agency's policy of reasonable accommodation. *Id.*

In specification 7, the agency alleged that the appellant behaved in a manner that could have been perceived as attempting to interfere with employees' rights to file a grievance or complaint. IAF, Tab 6 at 6. Among numerous other alleged incidents, the agency alleged that, during a meeting with subordinate employees on May 9, 2016, the appellant stated that she did not like when people went to the union or filed equal employment opportunity complaints and employees who did so were committing career suicide. *Id.* On review, the appellant argues that this incident was investigated in an earlier May 2016 fact-finding and that the administrative judge failed to recognize that the witnesses on whose testimony he relied had previously, during the May 2016 fact-finding, denied that the incident occurred. PFR File, Tab 1 at 20. However, we find that the administrative judge properly weighed the evidence, including acknowledging inconsistencies in some of the witnesses' statements and

testimony over time.[5]  ID at 20-22.  Regarding specification 10, the appellant asserts that it is plausible that she was late for executive leadership team meetings, but she argues that there is no basis to sustain the charge because none of the managers raised concerns or indicated that it was problematic.  PFR File, Tab 1 at 25-26.  Such arguments pertain to the reasonableness of the penalty, which is different from whether the agency has proven its charge.  *See, e.g.*, *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 12 (2013).  Finally, regarding specification 13, the appellant argues that her inaccurate notification to her supervisor that she had rescheduled an employee award ceremony was at most an honest mistake.  PFR File, Tab 1 at 28.  Such an argument similarly pertains to the reasonableness of the penalty and does not establish any error in the administrative judge's finding that the agency proved its charge.  Accordingly, the administrative judge properly found that the agency proved its conduct unbecoming charge.[6]

The administrative judge properly found that the penalty of removal was reasonable.

When the agency proves fewer than all of its charges, the Board may not independently determine a reasonable penalty.  *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 16 (2003).  Rather, the Board may mitigate to the maximum reasonable penalty so long as the agency has not indicated either in its

___

[5] Because we find that the administrative judge properly sustained specification 7 based on the May 9, 2016 incident, we need not address the appellant's arguments concerning the additional alleged incidents set forth in paragraphs (b)-(g) of specification 7 of the agency's proposal notice.  IAF, Tab 6 at 6-7; PFR File, Tab 1 at 20-23; *see Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd* 48 F.3d 1235 (Fed. Cir. 1995).

[6] We do not address the appellant's arguments on review concerning the additional sustained charges of privacy violation, unauthorized absence, failure to follow leave request procedures, and failure to follow instructions because, as set forth below, we find that the penalty of removal is reasonable based on the conduct unbecoming charge alone.  PFR File, Tab 1 at 29-32; *see, e.g.*, *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 41 (2006); *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 6 (2003); *Luciano v. Department of the Treasury*, 88 M.S.P.R. 335, ¶ 10 (2001), *aff'd*, 30 F. App'x. 973 (Fed. Cir. 2002).

final decision or during proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999). The Board may impose the same penalty imposed by the agency based on a justification of that penalty as the maximum reasonable penalty after balancing the mitigating factors. *Tisdell*, 94 M.S.P.R. 44, ¶ 16. The Board's function with regard to its review of an agency's penalty selection is not to displace management's responsibility but to determine whether management exercised its judgment within the tolerable limits of reasonableness. *Gray v. U.S. Postal Service*, 97 M.S.P.R. 617, ¶ 11 (2004).

Here, the administrative judge found several of the sustained specifications in support of the agency's conduct unbecoming charge to be serious. ID at 87. He noted that, as a supervisor, the appellant's misconduct in yelling at and making disparaging comments about employees, discouraging employees from exercising their rights to complain, and creating a perception of favoritism toward another employee raised legitimate concerns about the appellant's ability to perform the duties of a service chief in a professional manner. *Id.* He further recognized that the appellant had not acknowledged her misconduct in any way or expressed remorse for her actions. *Id.* at 86-87. Finally, he noted that that the appellant had previously received a 5-day suspension for giving the appearance of improper preference in the hiring of her son. *Id.* at 86.

We agree with the administrative judge that the appellant's misconduct in support of the conduct unbecoming charge was serious and find that the conduct unbecoming charge alone warranted removal, notwithstanding the appellant's lengthy 24-year career with the agency.[7] *See, e.g., Wilson v. Department of*

---

[7] In analyzing the reasonableness of the penalty, the administrative judge noted that, although he had sustained the charges of unauthorized absence and failure to follow leave request procedures, the appellant's attendance-related misconduct was not particularly egregious. ID at 86. In particular, he acknowledged that the appellant's misconduct amounted to her taking a long lunch and reporting late on several occasions, but that there was unrebutted evidence that the appellant regularly worked on the weekends and beyond her tour of duty without additional compensation. *Id.* In his penalty analysis, the administrative judge did not discuss the other sustained charges of

*Justice*, 68 M.S.P.R. 303, 310 (1995) (noting that disrespectful conduct is unacceptable and not conducive to a stable working atmosphere; an agency therefore is entitled to expect employees to comport themselves in conformance with accepted standards). Accordingly, we find that the administrative judge properly found that the penalty of removal was reasonable. *See, e.g.*, *Holland v. Department of Defense*, 83 M.S.P.R. 317, ¶¶ 10-12 (1999) (sustaining a removal for rude and discourteous behavior); *Wilson*, 68 M.S.P.R. at 309-10 (sustaining a removal for disrespectful conduct and the use of insulting and abusive language); *Peters v. Federal Deposit Insurance Corporation*, 23 M.S.P.R. 526, 529 (1984) (sustaining a removal for discourteous and unprofessional conduct), *aff'd*, 770 F.2d 182 (Fed. Cir. 1985) (Table).

### NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

privacy violation or failure to follow instructions.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.